1   RAJ V. ABHYANKER, California SBN 233284
    Email: raj@legalforcelaw.com
2   WENSHENG MA, California SBN 299961
    Email: vincent@legalforcelaw.com
3

4   LEGALFORCE RAPC WORLDWIDE, P.C.
    1580 W. El Camino Real, Suite 10
5   Mountain View, CA 94040
    Telephone:    (650) 965-8731
6   Facsimile:    (650) 989-2131
7

8   Counsel for Hiago, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                       SAN FRANCISCO DIVISION

13

14  HIAGO, INC.,                         Case No.: 3:21-cv-01853

15            Plaintiff,                 **COMPLAINT FOR**

16      v.                                  **(A) DECLARATORY RELIEF**

17
    NEXTDOOR, INC.;                      BENCH TRIAL REQUESTED
18
19            Defendant.

20

21      1.      Plaintiff Hiago, Inc. ("Hiago" or "Plaintiff"), for its Complaint against defendant

22  Nextdoor, Inc. ("Nextdoor" or "Defendant"), allege as follows :

23                          **FACTUAL BACKGROUND**

24      2.      Hiago operates a civic engagement social network that competes with

25  Nextdoor.com. On June 22, 2020, Nextdoor sent a letter to counsel for Hiago telling the

26  company that Hiago's logo ("Hiago Speech Cloud Logo") and color theme was confusingly

27  similar to Nextdoor's color theme at the time and logo ("Nextdoor House Logo"), protected

28  through U.S. Reg. No. 5,964,880, issued on January 21, 2020 (Ex. 1).

3.    According to the public records of the USPTO, the Nextdoor is the current owner of U.S. Reg. No. 5,964,880 for use in connection with various goods and services in International Classes 9, 35, 38, 42 and 45 ("Nextdoor's Goods and Services"). *See* Ex. 1 (TSDR registration certificate of the Nextdoor's Mark).

4.    On June 22, 2020, Petitioner's attempt to use the common law Hiago Speech Cloud Logo mark **🏠 hiago** was threatened by the Nextdoor. *See* Ex. 2.

5.    On March 15, 2021, Petitioner filed an application to register the logo mark **🏠 hiago** (Serial No. 90579288) under Section 1(b) of the Trademark Act, i.e., the intent-to-use basis under 15 U.S. C. § 1051(b). *See* Ex. 3.

6.    Also on March 15, 2021, Petitioner filed an application to register the logo mark

🏠 (Serial No. 90579304) under Section 1(b) of the Trademark Act, i.e., the intent-to-use basis under 15 U.S. C. § 1051(b).  *See* Ex. 4.

7.    The aforementioned logo marks **🏠 hiago** and 🏠 are hereinafter collectively referred to as the "Petitioner's Marks".

8.    The Hiago Speech Cloud Logo was objected to by Nextdoor is :



9.     Nextdoor pointed out what they alleged as similarities between the Hiago Speech Cloud Logo and the Nextdoor House Logo as follows :



10.     A central element of Nextdoor's argument was the similarity in color theme. However, Nextdoor does not have any trade dress or trademark protection in the green color, or any green-white combination thereof.   Countless logos on the Internet, even in geospatial communities utilize a similar color theme.   For example, for the geo-spatial real estate   search website Trulia (whose use in commerce predates Nextdoor's), compare Trulia and Nextdoor's House Logo below :

Trulia's mark is the same shade of green as the Nextdoor's House Mark:

 

See:  https://www.moneyunder30.com/best-real-estate-websites

11.     Therefore, Nextdoor cannot argue that it owns a trade dress in the "green/white color scheme" as it tried to justify in its letter of March 16, 2021 to Hiago counsel.   Trulia is also a geo-spatial website and mobile app, featuring real estate and homes in neighborhoods. Nextdoor's business is also a geo-spatial mobile website and mobile app, featuring real estate, homes, and neighbors in neighborhoods.     Trulia's logomark above has been used in commerce in 2015 for numerous years before Nextdoor's use.   Indeed, there are other registered trademarks with the green-white color theme depicting a house.   For example Registered U.S. trademark 4274905 registered on Nov. 24, 2018:



12.     Nextdoor maintains the Reg. No. 5,964,880 registered on January 21, 2020.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



13.     The above logo is materially different than the Hiago Speech Cloud Logo below because the Hiago Speech Cloud Logo has a roof portion disconnected from the lower portion, has a steeper roof, is narrower, and the bottom of the roof is a talking box, not a dwelling :



14.     There are thousands of "speech box logos."  The USPTO even has a design code for "Thought or speech clouds either empty or with wording and/or punctuation."    There are more than 7,006 of such logos.    The Nextdoor House Logo is *not even in this category for USPTO design codes*.



https://www.trademarkia.com/logos-in-thought-or-speech-clouds-either-empty-11517-2-page-2

15.     The Reg. No. 5,964,880 above is subject to a cancellation proceeding Opposition #TBD before the Trademark Trials and Appeals Board being filed March 16, 2021.

16.     In June 2020, Hiago disagreed that its Hiago Speech Cloud Logo was confusingly similar to Nextdoor House Logo and disagreed that Nextdoor had any trade dress rights in the green-white color theme given the numerous logos in the same space with the same color theme. In the spirit of compromise until the instant Declaratory Judgment could be budgeted, filed and decided, Hiago temporarily changed its color theme from green to light blue, and updated its logo from the Hiago Speech Cloud logo to a temporary one, with a wholly new color theme, new font, but maintaining the speech cloud  :



17.     Hiago has no intention or interest in being associated with the Nextdoor, as Nextdoor now suffers from a poor reputation among cities and neighbors alike for racist posts, malignant behavior, and unfair policies dependent on volunteers.  However, Hiago has always wanted to use its original logo and believed it has a right to do so.

18.     For the original Nextdoor House Logo, according to public records of the USPTO, Nextdoor provided a proof of use on December 7, 2018 along with the initial filing of its logo mark as follows:



19.     The disingenuity and bullying nature of Nextdoor's unreasonable position was further left bare around September 16, 2020 when Nextdoor completely changed its logo and color theme, abandoning the Nextdoor House Logo as a source identifier of its software products, in favor of  a puke yellow-green colored textual logo ("Nextdoor New Logo") with a styled 'n' depicted below :



20.     "Our new look was inspired by our neighbors and reflects the warm, vibrant, inclusive actions we see in neighborhoods every day," said Nextdoor's Maryam Banikarim (Head of Marketing of Nextdoor), adding, "It starts with a wave -- a simple, universal gesture that can cause a chain reaction of kindness" in an article on SmartBrief.com.  Again, there are no similarities of any kind between the Hiago Speech Cloud logo and the Nextdoor New Logo. As of the date of the filing of this declaratory judgment action, under Banikarim's direction, Nextdoor is no longer using Nextdoor House Logo on Nextdoor's website or mobile apps in a

way identifying its product, and has now limited use to a descriptive version of the Nextdoor

House Logo on virtually every page of its mobile application and website as a symbol icon to

identify a "return to home page" button rather than to identify a downloadable mobile

application or a social networking website.   Nextdoor admits its logo is a "house with

overhanging roof logo" in its letter of March 16, 2021.   However, Hiago's Speech Cloud logo

is a thought bubble/thought cloud, over which a non-overhanging roof protects the thought

bubble, symbolizing trusted communications between users in a geo-constrained area.

Therefore, even based on Nextdoor's own descriptions of its Nextdoor House Logo, there can

be no doubt that the Hiago Speech Cloud logo is substantially different, distinctive, and not

confusingly similar to Nextdoor's House Logo.

21.     The entire basis of Nextdoor's acts are predicated on its bad faith.   Telegraphing

its unfair, unwarranted, hypocritical, and pugnacious bullying of Hiago, or about September 16,

2020, just eight month after registering the Nextdoor House Logo, Nextdoor publicly

announced a new branding on its website, scrapping the Nextdoor House Logo as a source

identifier.   Nextdoor updated the iOS and Google Play store icons with the Nextdoor New

Logo, as well as the user interface of its mobile applications and social networking website. On

Nextdoor's own "Media Assets" page on Nextdoor website

(https://about.nextdoor.com/us-media/), all references to the Nextdoor House Logo were

removed. A hand in a similar position as what was alleged in the use for specimen provided to

the USPTO, but now updated with the Nextdoor New Logo featuring a new vomitāre

yellow-green color theme, and no house, much less any speech cloud:



22.     Around September 16, 2020, the Nextdoor House Logo also ceased being used as a favicon on Nextdoor's mobile app. Prior to this date, Nextdoor's favicon looked like:



23.     However, after around September 16, 2020, Nextdoor refreshed automatically to the new favicon below:



24.     After around September 16, 2020, the Nextdoor House Logo was removed on the Media Page of Nextdoor, and all downloads on mobile devices having the Nextdoor House

Logo were refreshed upon update. The only current use of the Nextdoor House Logo as of this cancellation proceeding appears to be a nominal use on the www.nextdoor.com website and mobile apps as an icon along with numerous other icons that do not confer trademark rights, as shown in the redacted view below:



25. And on the mobile app:



26.     Nextdoor also updated its color there on its website from dark green to bile yellow-green. Therefore, any previous allegations of similarity of color theme as alleged by Nextdoor in Ex. 2 is now mooted.

27.     Upon information and belief, there are forensically preserved emails between Banikarim and marketing, officer, the press, communications staff, and board executives at Nextdoor describing the benefits and permanency of the logo and color change away from the Nextdoor House Logo.

28.     Upon information and belief, Banikarim has expressed that Nextdoor's has no intent to ever use the Nextdoor House Logo or color theme in interstate commerce now or in the future as it previously used the mark prior to September 2020.

29.     The ornamental use of the Nextdoor House Logo today to signify a home button on a mobile application and desktop software does not constitute a use in commerce associated with the description provided for the Nextdoor House Logo.   Nominally, the Nextdoor House Logo is used to identify a "home" screen and webpage on the Nextdoor mobile application and website, not as an identifier for the business or mobile application itself. Moreover, such use of the Nextdoor House Logo as a mere "icon" with other icons for Groups, For Sale, and Notifications merely is an ornamental use of the mark. Virtually tens of thousands of websites use an icon of a home to return a user to a home screen. For example, LinkedIn has a "home" icon to return a user to a home screen. See below :



Complaint   Case No.: 3:21-cv-01853

30.     As does Facebook, which also uses a house icon to signify home screen:



31.     As does Twitter:



32.     As well as virtually all social websites. Therefore, Nextdoor no longer has a protectable trademark right in Nextdoor House Logo in the description of goods and services and classes identified with the Nextdoor House Logo, and any use it currently maintains is

merely ornamental, generic, and not used to identify a source identifier.

33.     Indeed, even the Google Chrome browse itself uses a house logo to signify home:



34. As does Microsoft Edge's browser:



35.     Any arguable stylization that Nextdoor applies is merely ornamental and merely descriptive. The only secondary meaning attached to Registered Mark's now or anticipated use is the merely descriptive use of a return to the home page with a home logo. Nextdoor's non-use is not temporary or seasonal as that is not the custom in the software industry, and any arguments to the contrary lack any credible evidence.

36.     There are numerous other house logos in use today, many of which have a house. For example, Trulia, Zillow, Nest, Google Home, Redfin, Houzz, the Office of Fair Housing and Equal Opportunity logo and many others:



37.     The Hiago Speech Cloud Logo is distinctive from Nextdoor's old house logo, and is not confusingly similar.  Moreover, unlike these other House logos, the Hiago Speech Cloud Logo includes a speech-cloud or thought bubble as a central element, which is not found in any of these other logos which predate the Nextdoor House Logo in use in commerce.  Moreover, Nextdoor's new color theme demonstrates it has no intention to again use the dark green color theme. Therefore, Hiago would like to resume use of the Hiago Speech Cloud Logo, and seeks clarification from this Court before it does so through this Declaratory Relief action.

38.     Upon further information and belief, Nextdoor intends not to resume the use of such mark or color theme in connection with any of the goods identified in Nextdoor's Goods and Services.

39.     Therefore, upon information and belief, the Nextdoor has abandoned such mark and color theme, and any arguments to the contrary are disingenuous at best, and specious at worst.

40.     Hiago asked Nextdoor through counsel on March 13, 2021 seeking a co-existence agreement with Nextdoor. Nextdoor did not agree, giving rise to the instant Complaint.

41.     Hiago has filed applications for federal registration Serial Nos. 90579304 and 90579288, both filed March 15, 2021 for the Hiago Speech Cloud Logo.

42.     Nextdoor sent an email on March 16, 2021 not agreeing to the co-existence agreement.  Instead, it continued making baseless threats against Hiago and its counsel.     It also claimed "Nextdoor continues to use the house with overhanging roof logo on every page of its mobile app." However, the only use that Nextdoor has in this regard is with the ornamental use to identify "return to home" page as described herein.

43.     For example, with respect to the Internet, the use of a house logo has been used since the very first "Mosaic" Nextscape browser October 13, 1994:

1
2
3
4
5
6
7
8
9
10
11
12
13



14    https://www.arnnet.com.au/slideshow/557401/pictures-visual-history-netscape-navigator/

15          44.      For this reason, to the extent there ever was any trademarkable interest in any

16    house symbol identifying a home screen, it has been long since genericized. While Nextdoor

17    House Logo is a different version of the house symbol to identify a home screen, it also has a

18    chimney on the left side, and is substantially the same as the generic version above. Moreover,

19    the Nextdoor House Logo is a generic stock image of a house, lacking enough stylization to

20    confer any trademarkable or copyrightable interest.   In fact, there are more there are thousands

21    of rejected or abandoned logos in the USPTO trademark database of logos depicting houses ,

22    and the depiction of houses in trademarks is so prevalent that the USPTO has a design code

23    specifically for "Detached house."

24
25
26
27
28



https://www.trademarkia.com/logos-in-detached-house--dwellings-building-70104-2-page-2

### THE PARTIES AND VENUE

45.     Plaintiff Hiago is a Delaware corporation, having a principal place of business at 216 Mountain View Avenue, Mountain View California 94040.   Hiago, provides and operates a civic engagement platform through www.hiago.com.

46.     Defendant Nextdoor is a Delaware corporation with the agent for service of process as Corporation Service Company doing business in Delaware as Paracorp Incorporated, 2140 S. Dupont Highway, Camden Delaware, 19934 and maintaining its principal place of business at 420 Taylor St, San Francisco, CA 94102.   Nextdoor, provides and operates the neighborhood social network service www.nextdoor.com.

47.     Jurisdiction is proper in this Court because this is a court of general jurisdiction and because Plaintiff seeks purely equitable relief.  Venue is proper in this Court because Nextdoor is headquartered in San Francisco.

48.     Nextdoor owns, operates and conducts business in the state of California and directs advertisements at residents of California and throughout the United States including California and this judicial district.

49.     Nextdoor is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, and has purposefully reached out to residents of this judicial district.

50.     Nextdoor has established sufficient minimum contacts with the State of California such that it should reasonably and fairly anticipate being compelled into court in California.

51.     Venue in this judicial district is proper under 28 U.S.C. §1400(b).

52.     This Court has personal jurisdiction over Nextdoor because (a) because for the purposes of personal jurisdiction and venue a substantial part of the events or omissions giving rise to the claims occurred in this judicial district pursuant to 28 U.S.C. §1391(b) and because Nextdoor is subject to personal jurisdiction in this judicial district.

## COUNT I

### Declaratory Judgment Under 28 U.S.C. § 2201

53.     Hiago alleges and incorporates the allegations of the preceding paragraphs of this complaint as if fully set forth herein.   Nextdoor seeks a declaration from this court that :

54.     Hiago has common law rights in its Hiago Speech Cloud Logo.

55.     Hiago is free to move forward in using the marks described in applications for federal registration Serial Nos. 90579304 and 90579288, filed March 15, 2021 for the Hiago Speech Cloud Logo in commerce without further interference from Nextdoor.

56.     The Hiago Speech Cloud Logo is distinctive, and not confusingly similar to any residual rights Nextdoor might have claimed or claim in the Nextdoor House Logo or the Nextdoor New Logo.

57.     The Nextdoor House Logo is abandoned by Nextdoor.

58.     The Nextdoor House Logo is a generic version of a symbol when used to identify "return to home screen".

59.     The Nextdoor House Logo is a descriptive use of a symbol when used to identify

"return to home screen."

60.     The Nextdoor House Logo has no copyrightable interest because it is not an artistic work.

61.     Nextdoor has threatened Hiago with not being able to use its Hiago Speech Cloud Logo.

62.     Hiago seeks a declaration from this Court that it is lawfully able to use the Hiago Speech Cloud Logo and is not committing infringement of any purported trademark rights held by Nextdoor, because it is not confusingly similar to the Nextdoor House Logo or the Nextdoor New Logo and because Nextdoor has abandoned its Nextdoor House Logo and does not possess any trade dress rights in the color green.

## REQUEST FOR RELIEF

63.     WHEREFORE, Plaintiff requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a) Declaration from this court that Hiago is lawfully able to use the Hiago Speech Cloud Logo, and not committing infringement of any purported trademark rights held by Nextdoor.

## DEMAND FOR BENCH TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a bench trial as there are no monetary damages claimed.


Dated: March 16, 2021                          LEGALFORCE RAPC WORLDWIDE P.C.


                                               ___/s/ Raj Abhyanker_____

                                               Raj V. Abhyanker
                                               *Counsel for Hiago, Inc.*